UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Stephanale Adams,

        Plaintiff,

v.                              Case No. 2:10-cv-13529
                                       Hon. David M. Lawson
                                       Mag. Judge Laurie J. Michelson

Dennis Howe, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION REGARDING
## PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT (Dkts. 7 and 8)

### I.  RECOMMENDATION

Pending before the court are *pro se* Plaintiff Stephanale Adams' February 3, 2011 "Motion[s] for Default Judgment as to All Defendants." (Dkts. 7, 8.)[1]  This is a prisoner civil rights action in which the Plaintiff is proceeding *in forma pauperis*.  Plaintiff's Motions misunderstand the effect of the notice from the United States Marshals regarding their effort to serve Defendants.  Because Defendants have not yet been served, and, in any event, the Plaintiff is not entitled to a default judgment for the Defendants' failure to reply to a prisoner civil rights complaint, this Court **RECOMMENDS** that Plaintiff's Motions be **DENIED**.[2]

---

[1] While Plaintiff filed two separate Motions, their substance is the same.  One of the Motions appears to have been drafted a few days before the other (Dkt. 7) and contains a little more detail, but they were both filed on the same date and both seek default judgments against the Defendants for their alleged failures to timely respond to Plaintiff's Complaint after being served.  This Report and Recommendation pertains to both Motions.

[2] "Although not specifically listed in 28 U.S.C. 636(b)(1)(A), a motion for a default judgment has been found dispositive because it is 'substantially similar to several of the listed motions'" *Victoria's Secret Stores v. Artco Equip. Co.*, 194 F. Supp. 2d 704, 714 (S.D. Ohio 2002) (quoting *Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999)).

## II.  REPORT

### A.  Background

Plaintiff is an inmate at the Florence Crane Correctional Facility in Coldwater, Michigan. On September 3, 2010, Plaintiff filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 alleging he was physically abused – and suffered resulting injuries – while being arrested by several Saginaw Police Officers.  (Dkt. 1, Compl.)  The three arresting officers are the named Defendants. Plaintiff's Application to Proceed *In Forma Pauperis* was granted on September 13, 2010 (Dkt. 4) and on that same day, the Court entered an Order directing the United States Marshal to serve the appropriate papers on Defendants.  (Dkt. 5.)  On September 14, 2010, the Marshals acknowledged receiving the Order as well as three (3) copies of the Complaint and Summons or Waiver of Summons Forms to be served.  (Dkt. 6.)  On September 28, 2010, the Marshals docketed a Notice that they mailed copies of the Complaints on September 15, 2010.  On March 30, 2011, a "Waiver of Service Returned Unexecuted" was docketed with the Court indicating that the Marshals did not receive any returns of waivers from Defendants.  There is no other information on the docket pertaining to service of process.

Plaintiff interprets the September 28, 2010 Notice from the Marshals – indicating they mailed the complaints and sought waivers of service – to mean the Defendants were served on that date.  (Dkt. 8 at 1-2.)  Having received no response to his Complaint for over four (4) months, Plaintiff brought these Motions for Entry of Default Judgment on February 3, 2011 ("Plaintiff's Motions").  (Dkts. 7, 8.)

### B.  Analysis

2

As a threshold matter, Plaintiff's Motions should be denied on procedural grounds.. In order to obtain judgment by default, the proponent must first request the clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a). If obtained, then the proponent may file for default judgment by the clerk, or by the court. Fed. R. Civ. P. 55(b). Plaintiff did not request the clerk's entry of default prior to seeking judgment by the court and thus, "Plaintiff's motion for default judgment is not properly before this court." *Meier v. Green*, No. 07-CV-11410, 2007 U.S. Dist. LEXIS 43058, at *10 (E.D. Mich. June 14, 2007); *Hickman v. Burchett*, No. 2:07-cv-743, 2008 WL 926609, *1 (S.D. Ohio Apr. 4, 2008) ("[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." (internal quotation marks omitted, collecting cases)).

Additionally, a default judgment is only appropriate where a defendant fails to plead or otherwise defend the claim asserted by the Plaintiff. Fed. R. Civ. P. 55(a). "Because a party has no duty to plead until properly served, sufficient service of process is a prerequisite to entry of default." *Fisher v. Lynch,* 531 F. Supp. 2d 1253, 1269 n.12 (D. Kan. 2008). This "prerequisite" has yet to be satisfied.

Plaintiff is responsible for serving Defendants. Fed. R. Civ. P. 4(c)(1). Where, as here, a plaintiff has been authorized to proceed *in forma pauperis*, "the court may direct that service be effected by a United States Marshal." Fed. R. Civ. P. 4(c)(2). Although Plaintiff contends that "Defendants were served on 9/28/10 by US Marshal," (Dkt. 7 at 1; Dkt. 8 at 1), the docket suggests otherwise: the Marshals merely gave notice on September 28, 2010 that they had mailed copies of the Complaint to Defendants on September 15, 2010. The docket further reflects that waivers of service of process were returned *unexecuted* on March 30, 2011.

3

Service upon an individual from whom a waiver has not been obtained and filed may be effected pursuant to the law of the state in which the district court is located. Fed. R. Civ. P. 4(e)(1). The Michigan Court Rules provide that process may be served on a resident or nonresident individual by:

> (1) delivering a summons and a copy of the complaint to the defendant personally; or (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. R. 2.105(A). Here, there is no indication that the summons and complaint were served on Defendants personally. While copies of the Complaint were mailed, there is no suggestion it was by registered or certified mail – and Plaintiff has not identified a return receipt signed by Defendants as proof showing service under Mich. Ct. R. 2.105(A)(2). Thus, while some service may have been attempted, it was not effectuated prior to the filing of Plaintiff's Motions. *See Meier,* 2007 U.S. Dist. LEXIS 43058 at \*7; *Berger v. King World Prods., Inc.*, 732 F. Supp. 766, 769 (E.D. Mich. 1990).

Lastly, a default judgment in this case would be improper even if the Defendants were served because §1997e(g)(1) of the Prison Reform Litigation Act provides that "[a]ny defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law." 42 U.S.C. § 1997e(g)(1). As the Supreme Court has explained, pursuant to this provision "unlike in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court, and waiving the right to reply does not constitute an admission of the allegations

4

in the complaint." *Jones v. Bock,* 549 U.S. 199, 213-14 (2007). Thus, "prisoner plaintiffs filing suit under § 1983 are not entitled to entry of default against a defendant who has been properly served, but nevertheless has not filed any reply." *LaFountain v. Martin*, No. 1:07-cv-76, 2009 U.S. Dist. LEXIS 112349, at *11 (W.D. Mich. Dec. 3, 2009).

### C.   Conclusion

In sum, there has been no request by Plaintiff for entry of a default by the clerk, Defendants have yet to be served, and a default judgment is not the appropriate remedy for a defendant's failure to respond to a prisoner's complaint seeking relief under § 1983. Accordingly, this Court recommends **DENIAL** of Plaintiff's Motions for Default Judgment.

### III.  FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. A copy of any objections is to be served upon this magistrate judge. E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES MAGISTRATE JUDGE

Dated: April 13, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 13, 2011.

s/Susan Jefferson
Deputy Clerk

6